IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL L. MCCONOMY, SR.,                )
                                      )
            Plaintiff,                )
                                      )
      v.                              ) Civ. No. 05-785-SLR
                                      )
STATE OF DELAWARE, et al.,            )
                                      )
            Defendants.               )

**MEMORANDUM ORDER**

Plaintiff Paul L. McConomy, Sr., a former inmate in the Delaware Department of Correction system, brings this civil rights action pursuant to 42 U.S.C. § 1983.  He appears pro se and on December 1, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915.  (D.I. 4)  The court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915.

For the reasons discussed below, the claims against defendants State of Delaware, Governor Ruth Ann Minner ("Governor Minner"), Warden Stanley Taylor ("Warden Taylor"), Dr. Tammy Kastre ("Dr. Kastre"), Dr. Richard H. Miles ("Dr. Miles"), Dr. Mike Hooper ("Dr. Hooper"), Dr. Rodgers, Warden Rick Kearney ("Warden Kearney"), Warden Williams, Chris Melany ("Melany"), and Warden Carroll are dismissed as frivolous pursuant to 28 U.S.C. § 1915.

## I.   THE COMPLAINT

Plaintiff alleges that he has sleep apnea, a medical

condition that requires the use of a CPAP[1]. Plaintiff, a former inmate, alleges that on November 11, 2003, Dr. Alie of First Correctional Medical ("FCM"), with no testing or justification, ordered that the CPAP be taken from him. Plaintiff alleges that two months earlier, Kathy Newell of FCM "tried in vain to get Dr. Alie to authorize the purchase of a new mask" for plaintiff's CPAP. (D.I. 2). Plaintiff sought relief through the prison grievance process.

Medical testing was conducted in April 2005 and a Dr. Burns indicated in July 2005 that plaintiff needed a CPAP. On August 18, 2005, the Sussex Correctional Institute ("SCI") infirmary provided plaintiff with a full face CPAP. He alleges the mask did not work properly and this was confirmed by Dr. Alie on August 23rd when she met plaintiff in his room at the Delaware Correctional Center ("DCC"). Plaintiff alleges that Dr. Alie brought him another mask but it, too, did not fit properly. He alleges that yet another full face mask was provided but, like the others, it did not fit.

Plaintiff alleges that, as a result of these actions, he has

---

[1]Continuous positive airway pressure ("CPAP") delivers air at a steady pressure, which assists the patient while breathing in (inspiration) and resists breathing out (expiration). The purpose of CPAP is not to completely inflate the lungs, but rather to maintain an open airway. This makes it most appropriate for use in sleep apnea, in which a patient's airway closes frequently during sleep. Encyclopedia of Neurological Disorders, available at http://health.enotes.com/neurological-disorders-encyclopedia/ventilatory-assistance-devices.

suffered and his heart and lungs have been stressed.  He also
claims he suffered mental anguish worrying that he would suffer a
heart attack or stroke and also because he was sleep deprived.

Plaintiff seeks compensatory damages and surgery to
alleviate his sleep apnea condition based upon defendants'
failure to provide him with a working CPAP during his 30 months
of imprisonment.

## II.  STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances.  Section
1915(e)(2)(B) provides that the court may dismiss a complaint, at
any time, if the action is frivolous, malicious, fails to state a
claim upon which relief may be granted or seeks monetary relief
from a defendant immune from such relief.  An action is frivolous
if it "lacks an arguable basis either in law or in fact."
Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the
complaint and all reasonable inferences that can be drawn
therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing
Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).
Additionally, pro se complaints are held to "less stringent
standards than formal pleadings drafted by lawyers" and can only
be dismissed for failure to state a claim when "it appears
'beyond doubt that the plaintiff can prove no set of facts in

3

support of his claim which would entitle him to relief.'"  Haines
v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson,
355 U.S. 41, 45-46 (1957)).  Inasmuch as plaintiff proceeds pro
se, the court construes the complaint liberally.  Haines v.
Kerner, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

### A.    Eleventh Amendment Immunity

One of the named defendants is the State of Delaware.
"Absent a state's consent, the eleventh amendment bars a civil
rights suit in federal court that names the state as a
defendant."  Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir.
1981)(citing Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam)).
The State of Delaware has not waived its sovereign immunity under
the Eleventh Amendment.  See Ospina v. Department of Corr., 749
F.Supp. 572, 579 (D.Del. 1990).  Consequently, plaintiff's claim
against the State has no arguable basis in law or in fact.
Therefore, it is frivolous and is dismissed pursuant to 28 U.S.C.
§ 1915(e)(2)(B).

### B.    Personal Involvement/Respondeat Superior

Claims are also raised against Governor Minner, Warden
Taylor, Dr. Kastre, Dr. Miles, Dr. Hooper, Dr. Rodgers, Warden
Kearney, Warden Williams, Melany, and Warden Carroll.  "A
defendant in a civil rights action must have personal involvement
in the alleged wrongs" to be liable.  Sutton v. Rasheed, 323 F.3d

4

236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d
1195, 1207 (3d Cir. 1988). The complaint contains absolutely no
mention of the previously mentioned defendants other than to
include them on the "List of Defendants & Addresses". Further,
plaintiff provides no facts to support a claim against these
defendants.

It may be that plaintiff seeks to hold defendants Governor
Minner and Wardens Taylor, Kearney, Williams and Carroll liable
on the basis of their supervisory positions. Supervisory
liability, however, cannot be imposed under § 1983 on a
respondeat superior theory. See Monell v. Department of Social
Services of City of New York, 436 U.S. 658 (1978); Rizzo v.
Goode, 423 U.S. 362 (1976). In order for a supervisory public
official to be held liable for a subordinate's constitutional
tort, the official must either be the "moving force [behind] the
constitutional violation" or exhibit "deliberate indifference to
the plight of the person deprived." Sample v. Diecks, 885 F.2d
1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489
U.S. 378, 389 (1989)).

There is nothing in the complaint to indicate that any one
of the mentioned defendants was the "driving force [behind]"
plaintiff's alleged deprivation of medical treatment. More so,
the complaint does not indicate that these defendants were aware
of plaintiff's allegations and remained "deliberately

indifferent" to his plight.   <u>Sample v. Diecks</u>, 885 F.2d at 1118.

Based upon the foregoing analysis, the claims against Governor Minner, Warden Taylor, Dr. Kastre, Dr. Miles, Dr. Hooper, Dr. Rodgers, Warden Kearney, Warden Williams, Melany, and Warden Carroll lack an arguable basis in law or in fact and are dismissed as frivolous pursuant to 28 U.S.C. § 1915A(E)(2)(b).

## IV. CONCLUSION

NOW THEREFORE, at Wilmington this _10th_ day of January, 2006, IT IS HEREBY ORDERED that:

1.   The defendants, the State of Delaware, Governor Ruth Ann Minner, Warden Stanley Taylor, Dr. Tammy Kastre, Dr. Richard H. Miles, Dr. Mike Hooper, Dr. Rodgers, Warden Rick Kearney, Warden Williams, Chris Melany, and Warden Carroll are DISMISSED as parties and the claims against them are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.   The court has identified a cognizable Eighth Amendment medical needs claim against defendant Dr. Sattie Alie.  Plaintiff is allowed to PROCEED with this claim.

IT IS FURTHER ORDERED that:

1.   The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2.   Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **defendant Dr. Sattie Alie** as

6

well as for the Attorney General of the State of Delaware, 820 N.
FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE
ANN. tit. 10 § 3103(c). **Plaintiff has provided the court with one
copy of the complaint (D.I. 2) for service upon the defendant.
Plaintiff is notified that the United States Marshal will not
serve the complaint until all "U.S. Marshal 285" forms have been
received by the clerk of the court. Failure to provide the "U.S.
Marshal 285" forms for the defendant(s) and the attorney general
within 120 days from the date of this order may result in the
complaint being dismissed or defendant(s) being dismissed
pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the form(s) required by paragraph 2
above, the United States Marshal shall forthwith serve a copy of
the complaint, this order, a "Notice of Lawsuit" form, the filing
fee order(s), and a "Return of Waiver" form upon the defendant(s)
identified in the 285 forms.

4. Within **thirty (30) days** from the date that the "Notice
of Lawsuit" and "Return of Waiver" forms are sent, if an executed
"Waiver of Service of Summons" form has not been received from a
defendant, the United States Marshal shall personally serve said
defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said
defendant(s) shall be required to bear the cost related to such
service, unless good cause is shown for failure to sign and

7

return the waiver.

5.   Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.   No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.   **NOTE: \*\*\*** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\*\*\***

8.   **NOTE: \*\*\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\*\*\***

<u>Sue L. Robrner</u>
UNITED STATES DISTRICT JUDGE

8