IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PAUL L. MCCONOMY, SR.,              ) | |
|                                     ) | |
|         Plaintiff,                  ) | |
|                                     ) | |
|     v.                              ) | Civil Action No. 05-785-SLR |
|                                     ) | |
| MD SATTIE ALIE,                     ) | |
|                                     ) | |
|         Defendant.                  ) | |

**ORDER**

At Wilmington this 2d day of June, 2006.

Plaintiff Paul L. McConomy, Sr., filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears pro se and on December 1, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 4)

Plaintiff filed suit against several defendants, most of whom were dismissed by the court. (D.I. 5) In accordance with the court's order of January 11, 2006, plaintiff returned to the court completed USM-285 forms for service upon Dr. Sattie Alie ("Dr. Alie") and the Attorney General for the State of Delaware. The USM-285 form for Dr. Alie was filled out to "**SERVE** Dr. Sattie Alie (State of Delaware - Prison Medical) **AT** c/o First Correctional Medical (F.C.M.), 6861 North Oracle Road, Tucson, Arizona 85704." (D.I. 12) The USM-285 form was forwarded to the U.S. Marshal Service along with other court documents for service upon Dr. Alie. The USM-285 form was returned unexecuted by the U.S. Marshal with the remarks, "Per Sue Cianciolo, FCM, FCM will

not accept for individuals. Only for FCM. Return unexecuted." (D.I. 12)

During the relevant time period in the complaint, FCM was under contract with the Delaware Department of Correction ("DOC") to provide medical services for inmates in the custody of the DOC. Accordingly, the court has personal jurisdiction over this nonparty. See, e.g. International Shoe Co. v. Washington, 326 U.S. 310 (1945); In re Automotive Refinishing Paint Antitrust Litigation, 229 F.R.D. 482, 487-493 (MDL No. 1426 June 29, 2005). The complaint indicates that the unserved defendant is or was an employee of FCM. The unexecuted return indicates, however, that despite its prior contract with the DOC, FCM will not accept service for this individual.

The court has an obligation to assist pro se plaintiffs in the service of process. Palmer v. Stewart, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (citing Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997)). Indeed, many courts have entered orders to assist a pro se plaintiff in identifying and obtaining addresses of defendants so that service may be effected. See In Re Johnson, No. 02-5225, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); Palmer v.

Stewart, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an affidavit containing name and address to assist pro se plaintiff in service of process); Garrett v. Miller, No. 02 C 5437, 2003 WL 1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered to provide address to court to assist pro se plaintiff in obtaining service of process); Dudley v. Texas Instruments, Inc., No. Civ.A. 302CV292M, 2002 WL 992766 (N.D. Tex. May 13, 2002) (court determines assistance should be provided to pro se plaintiff to help him effect proper service, and counsel for corporation is ordered to provide plaintiff with names and addresses of corporate officers and registered agent); Bloomer v. City of New York, No. CV 89-592(RR), 1994 WL 92388 (E.D.N.Y. Mar. 3, 1994) (court ordered counsel for New York City, who did not represent police officers in their individual capacity, to provide addresses of police officers when counsel refused to accept service for officers).

Additionally, the court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31 (1962). Similarly, a court has the inherent power to find a nonparty in contempt and impose coercive sanctions for failure to comply with a court's order. General

Ins. Co. of Am. v. Eastern Consol. Utilities, Inc., 126 F.3d 215 n. 5 (3d Cir. 1997); Inmates of the Allegheny County Jail v. Wecht, 901 F.2d 1191, 1198 (3d Cir. 1990); Parkway Gallery Furniture, Inc., v. Kittinger/Pennsylvania House Group, 121 F.R.D. 264, 267 (M.D. N.C. 1988).

THEREFORE, IT IS ORDERED that on or before **June 16, 2006**, First Correctional Medical, Inc. shall provide to the court the last known address for Dr. Sattie Alie, or in the alternative, if the foregoing individual is still employed by First Correctional Medical, Inc., the correctional facility where she is now located, so that this defendant may be served.

First Correctional Medical, Inc. is put on notice that failure to comply with this order may result in a finding of contempt.

The clerk of the court is directed to serve a copy of this order, by certified mail, upon First Correctional Medical, Inc. at its corporate headquarters, 6861 North Oracle Road, Tucson, Arizona 85704.

/s/ Sue L. Robinson
UNITED STATES DISTRICT JUDGE